Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JIMMY PAGÁN RODRÍGUEZ; DRA. JEANETTE RAMOS RAMOS<br><br>Apelante<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO, JOSUÉ HERNÁNDEZ ÁLVAREZ, ASEGURADORA ABC Y OTROS<br><br>Apelada | TA2026AP00544 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2025CV06279<br><br>Sobre: Libelo, calumnia o difamación; incumplimiento de contrato |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece la parte apelante, el Dr. Jimmy Cabán Rodríguez y la Dra. Jeanette Ramos Ramos, mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia* emitida el 27 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan, la cual fue notificada el 30 del mismo mes y año. Mediante el referido dictamen, el foro primario ordenó el archivo de la *Demanda* de epígrafe, al amparo de la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a).

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe, por falta de jurisdicción, debido a su presentación tardía.

**I**

El 10 de julio de 2025, el Dr. Jimmy Cabán Rodríguez y la Dra. Jeanette Ramos Ramos (en conjunto, parte apelante) instaron una *Demanda* sobre difamación e incumplimiento de contrato en contra de la Universidad de Puerto Rico y uno de sus funcionarios,

el Dr. Josué Hernández Álvarez (en conjunto, parte apelada).[1] En esta, la parte apelante alegó, entre otras cosas, haber sido objeto de expresiones difamatorias. Como remedio, solicitó que el foro primario le ordene a la parte apelada indemnizarle con una cuantía ascendente a $800,000.00. Esta se subdivide en las siguientes partidas: $250,000.00, por concepto de angustias mentales o daños morales; $350,000.00, correspondientes a los daños sufridos como resultado de las presuntas expresiones difamatorias de las que fue objeto; y $200,000.00 debido al menoscabo para generar ingresos que provocaron los hechos alegados en la *Demanda*.

Luego de expedidos y diligenciados los emplazamientos correspondientes, y tras una serie de incidencias procesales, comenzó el descubrimiento de prueba. Así las cosas, el 27 de marzo de 2026, el foro primario emitió la *Sentencia* apelada, la cual fue notificada el día 30 del mismo mes y año.[2] En virtud de esta, ordenó el archivo de la *Demanda* de epígrafe, al amparo de la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a). El foro *a quo* razonó que el archivo del caso procedía, debido a la "falta de interés demostrada por la parte demandante, [y] de los incumplimientos continuos con las órdenes judiciales".[3]

En desacuerdo, el 16 de abril de 2026, la parte apelante instó ante el foro primario un escrito que tituló *Moción de reconsideración y/o de nulidad de sentencia*.[4] Por su parte, el 21 de abril de 2026, la parte apelada presentó una *Oposición a moción de reconsideración*.[5] Mediante esta, además de argumentar la improcedencia en los méritos de la solicitud de reconsideración instada por la parte apelante, la parte apelada también planteó que

---

[1] Entrada núm. 1 del caso núm. SJ2025CV06275 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada núm. 72 del caso núm. SJ2025CV06275 del SUMAC.
[3] *Sentencia* apelada, pág. 3. Entrada núm. 72 del caso núm. SJ2025CV06275 del SUMAC.
[4] Entrada núm. 73 del caso núm. SJ2025CV06275 del SUMAC.
[5] Entrada núm. 74 del caso núm. SJ2025CV06275 del SUMAC.

su presentación fue tardía, debido a que ya habían transcurrido más de quince (15) días desde la notificación de la *Sentencia*.

Tras evaluar ambos escritos, el 29 de abril de 2026, el foro *a quo* emitió y notificó una *Orden*, que reza como sigue: "La moción de reconsideración **fue presentada fuera de término**, por lo tanto, se declara no ha lugar".[6] (Negrillas suplidas).

Todavía inconforme, el 29 de mayo de 2026, la parte apelante acudió ante este Foro mediante el recurso de epígrafe y adujo que el foro *a quo* cometió los siguientes errores:

> Erró el TPI al desestimar una demanda en la que ya se le había notificado toda la evidencia a la parte demandada-apelada.
>
> Erró el TPI al abusar de su discreción y al actuar con pasión, prejuicio y parcialidad en contra de la parte demandante-apelante.
>
> Erró el TPI al desestimar la demanda con perjuicio cuando debió ser en todo caso sin perjuicio y/o debió relevar de los afectos de la sentencia conforme a la regla 49.2.
>
> Erró el TPI al sancionar al demandante-apelante con la severa desestimación con perjuicio por el pago tardío de una primera sanción económica responsabilidad del abogado yendo así en contra de la doctrina al respecto establecida por nuestro más Alto Foro judicial.
>
> Erró el TPI al no brindar los 30 días establecidos en la Regla 39.2 (a) para que la parte atendiera y resolviera el asunto.

Así, con el propósito de lograr el más justo y eficiente despacho del asunto ante nuestra consideración,[7] procedemos a disponer del recurso del epígrafe.

## II

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521, 529 (2023); *MCS Advantage, Inc. v. Fossas Blanco,*

---

[6] Entrada núm. 75 del caso núm. SJ2025CV06275 del SUMAC.

[7] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

211 DPR 135, 144 (2023); *Cobra Acquisitions, LLC. v. Municipio de Yabucoa* 210 DPR 384, 394 (2022). Nuestro Tribunal Supremo ha reiterado que los tribunales debemos ser fieles guardianes de nuestra jurisdicción y en que no tenemos discreción para asumir jurisdicción allí donde no la hay. Es decir, la jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 386 (2020); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). En consecuencia, les corresponde a los foros adjudicativos examinar su propia jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo.,* supra, pág. 883.

La falta de jurisdicción tiene las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Por tanto, cuando este Foro carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo [...]". *S.L.G. Szendrey-Ramos v. F. Castillo,* supra, pág. 883.

Cónsono con lo anterior, este Foro puede desestimar un recurso ante su consideración, por falta de jurisdicción. Ello, a petición de parte, en virtud de la Regla 83(B)(1) de nuestro Reglamento o *motu proprio,* de conformidad con el inciso (C). Regla 83 Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83.[8]

---

[8] *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

**III**

Tal y como reseñáramos en nuestra exposición del derecho aplicable, los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción. Ello, pues la jurisdicción incide directamente sobre nuestra facultad para adjudicar las controversias ante nuestra consideración. De forma cónsona con dicho principio, y luego de revisar si poseemos jurisdicción para adjudicar el recurso de epígrafe en los méritos, resolvemos que carecemos de jurisdicción para adjudicar el recurso ante nos. Veamos.

Como indicáramos, la *Sentencia* apelada fue notificada el **30 de marzo de 2026**. En consecuencia, el término jurisdiccional de quince (15) días, disponible para instar una moción de reconsideración, venció el martes, **14 de abril de 2026**.[9] Por tanto, toda vez que la parte apelante solicitó reconsideración de la *Sentencia* apelada, mediante una moción que presentó el jueves, **16 de abril de 2026** -es decir, en el día 17- es forzoso concluir que esta resultó tardía, por lo que no interrumpió el término para recurrir ante este Foro.[10] El carácter tardío de la moción de reconsideración instada por la parte apelante fue consignado correctamente por el foro *a quo* en la orden notificada el **29 de abril de 2026**.

Sin embargo, sobre lo antes mencionado, la parte apelante señala correctamente en el presente recurso que, si bien el foro primario denegó su moción de reconsideración, debido a que resultó tardía, nada dispuso respecto a la solicitud de relevo de sentencia, incluida en el mismo escrito. Incluso, llama a nuestra atención que

---

[9] En su segundo párrafo, la Regla 47 de Procedimiento Civil dispone lo siguiente: "[...] La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia **podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la orden o resolución**, una moción de reconsideración de la sentencia. [...]". 32 LPRA Ap. V, R. 47. (Negrillas suplidas).

[10] En lo pertinente, la Regla 47 de Procedimiento Civil dispone lo siguiente: "[...] La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada 'sin lugar' y **se entenderá que no ha interrumpido el término para recurrir**. [...]". 32 LPRA Ap. V, R. 47. (Negrillas suplidas).

el tercer señalamiento de error formulado por la parte apelante gira en torno a los méritos de la solicitud de relevo de sentencia.

En fin, reiteramos que carecemos de jurisdicción para adjudicar el recurso de epígrafe. La *Sentencia* apelada fue notificada el **30 de marzo de 2026** y, toda vez que la presentación de la moción de reconsideración no fue oportuna, esta no interrumpió el término para presentar una apelación ante este Foro. Así, en consideración a que el presente recurso de apelación fue presentado el 29 de mayo de 2026; es decir, transcurridos sesenta (60) días desde la notificación del dictamen apelado, este también resultó tardío.[11]

En vista de todo lo anterior, cualquier planteamiento que gire en torno a la *Sentencia* apelada, resulta tardío. Así, en la medida que la moción de relevo de sentencia aún no ha sido adjudicada por el foro primario, cualquier argumento que verse sobre la solicitud de relevo de sentencia, es prematuro. En consecuencia, procede la desestimación del recurso de epígrafe.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe, por falta de jurisdicción, debido a su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Sobre la presentación de apelaciones ante este Foro, la Regla 13(A) del Reglamento del Tribunal de Apelaciones dispone que estas "se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia [...]". 4 LPRA Ap. XXII-B, R. 13(A). A manera de excepción, la propia regla dispone en su segundo párrafo que el término jurisdiccional de treinta (30) días aumenta a sesenta (60) cuando alguna de las partes sea "el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades **que no fuere una corporación pública**". *Íd.* (Negrillas suplidas). Asimismo, la regla también incluye en dicha categoría a "los Municipios de Puerto Rico o sus funcionarios y funcionarias". *Íd.* En el presente caso, si bien la Universidad de Puerto Rico es parte, esta no es una agencia o instrumentalidad del ELA, sino una corporación pública. Véase, Artículo 1 de la Ley Núm. 1 de 20 de enero de 1966, según enmendada, 18 LPRA sec. 601 nota. Por tanto, el término de sesenta (60) días es inaplicable.